IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL J. HESTER, JR., | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| HALL COUNTY DETENTION | : | CIVIL ACTION NO. |
| CENTER et al., | : | 2:10-CV-200-RWS |
|     Defendants. | : | |

## ORDER

Plaintiff, *pro se*, is confined at the Hall County, Georgia Detention Center (the "Jail"). He has requested leave to proceed *in forma pauperis* in this case and claims in his amended complaint that Jail officials will not sign the required certificate regarding his inmate trust account. (Doc. 7 ("Am. Compl.").) The Court finds that Plaintiff's claims must be dismissed under 28 U.S.C. § 1915A and **GRANTS** him leave to proceed *in forma pauperis* for purposes of dismissal only.

### I.  The Frivolity Review Standard

A federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A claim is frivolous, and must be

dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1950 (2009)). Although a complaint need not contain detailed factual allegations, it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1261 (quoting *Iqbal*, 129 S. Ct. at 1949).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). If a plaintiff cannot satisfy these requirements, or fails to provide factual allegations in support of his claim, the complaint is subject to dismissal. *Id.* at 737-38.

**II. Plaintiff's Claims**[1]

Plaintiff was arrested by state authorities on March 28, 2009 and charged with a crime. On May 16, 2009, the state court sentenced Plaintiff to ten years imprisonment, with four years to serve. The court further ordered that the four-year custodial portion of Plaintiff's sentence be suspended after he had served three years in the Jail

In the year following his sentence, Plaintiff requested his release date, and Jail officials told him he would be released on September 18, 2010. Although not clear from his amended complaint, it appears that this release date, which would result in him serving less than three years, accounted for good-time credits.

In September and October 2010, Jail officials informed Plaintiff that his "good time" and his "suspended sentence" had been revoked and that his new release date was March 28, 2012. That date is precisely three years after the start of Plaintiff's confinement. Plaintiff has tried to obtain an explanation "as to why his suspended sentence had been revoked," but was told only that he was unable to comply with the terms of his suspended sentence and that his sentencing paperwork was forwarded to

---

[1] The facts are taken from Plaintiff's amended complaint (Doc. 7) and presumed true for purposes of the frivolity review.

3

the State. Plaintiff did not receive a hearing regarding the revocation of his suspended sentence or an explanation as to why there was no hearing.

Plaintiff contends that had he been afforded his constitutional right to due process, he "would be home with his family by now" and that if his sentencing file had been to the State earlier, "he would have made parole by now." As for relief, Plaintiff seeks $500,000 in "compensatory damages for the loss of my freedom," punitive damages, implementation of a standard operating procedure regarding suspended sentences, and amendment of the Georgia Code.

### III.    Analysis

Plaintiff's claims are not cognizable under § 1983. Plaintiff's amended complaint challenges an alleged revocation of his suspended sentence and apparently an alleged revocation of good-time credits. It is clear from the harm Plaintiff alleges he has suffered – extended confinement beyond the date when he believes he should have been released – and the relief he seeks – "damages for the loss of my freedom" – that a judgment in his favor in this case would necessarily imply the invalidity of the alleged administrative action extending his confinement. (Am. Compl. at 6-8.)

In such a case, before seeking damages under § 1983, a plaintiff must first establish that his conviction or sentence has been reversed on direct appeal, expunged

4

by executive order, declared invalid by a state tribunal authorized to make such a determination, or impugned by a federal court's issuance of a writ of habeas corpus.[2] *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has alleged no facts suggesting that the administrative action about which he complains has been reversed, expunged, or otherwise invalidated by a state court or a federal habeas court. His complaint, therefore, is premature and must be dismissed for failure to state a claim upon which relief can be granted. *See id.*; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

---

[2] This rule applies to challenges to prison officials' revocation of good-time credits in violation of an inmate's due process rights where an alleged procedural defect would, if established, necessarily imply the invalidity of the deprivation of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 646-47 (1997). Plaintiff alleges a complete denial of due process in that he was denied advance notice and a hearing. (Am. Compl. at 4-5.) Thus, to the extent he seeks damages for violation of due process regarding earned good-time credits, but not restoration of such credits, the claim is barred by *Heck*. Plaintiff's primary claim is that his suspended sentence has been improperly revoked, and success on that claim clearly would imply the invalidity of his continued confinement. (*Id.*)

A claim for damages under § 1983 that is barred by *Heck* should be dismissed with prejudice. *See Abella v. Rubino*, 63 F.3d 1063, 1065-66 (11th Cir. 1995). However, if Plaintiff "eventually satisfies the precondition to a valid [damages] claim under *Heck*," he is permitted to raise that claim in a new civil rights action. *See id.* at 1065-66 & n.3 ("[A] 42 U.S.C. § 1983 damages action which would demonstrate the invalidity of a conviction or sentence does not accrue until the conviction or sentence has been invalidated." (citing *Heck*)).

## IV.   Conclusion

For the foregoing reasons, this action is **DISMISSED** under 28 U.S.C. § 1915A. The Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* for purposes of dismissal only.

**SO ORDERED** this __22nd__ day of November, 2010.

_____
**RICHARD W. STORY**
United States District Judge